IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CASEY A. DRAKE | § |
| | § |
| v. | §   NO. 4:23-CV-01021-BD |
| | § |
| CRETE CARRIER CORPORATION dba | § |
| SHAFFER TRUCKING, *et al.* | § |

## MEMORANDUM OPINION AND ORDER

In this diversity case, defendants Crete Carrier Corporation dba Shaffer Trucking, Crete Carrier Corporation, and Reuben Robert Shaffer moved to designate Erica Diehl as a responsible third party. Dkt. 33; *see* Dkt. 1 at 2 (notice of removal stating that Crete Carrier Corporation dba Shaffer Trucking and Crete Carrier Corporation are one and the same). Plaintiff Casey Drake did not respond, which "creates a presumption that [he] does not controvert the facts set out by [the defendants] and has no evidence to offer in opposition to the motion." Loc. R. CV-7(d).

## BACKGROUND

Drake alleges that a Crete Carrier tractor-trailer driven by Shaffer struck the vehicle he was riding in and injured him. Dkt. 9 at 2. The defendants' motion asserts that Diehl was driving the car in which Drake was a passenger and that her conduct caused the crash. Dkt. 33 at 2.

## DISCUSSION

Under Texas law, "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate." Tex. Civ. Prac. & Rem. Code § 33.004(a); *see Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014) (holding that § 33.004 is substantive law that applies in federal diversity cases). "A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." *Id.* § 33.004(f). "[A]bsent a pleading defect and an opportunity to cure," the court has no discretion to deny a timely filed

motion to designate. *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022). The motion to designate need satisfy only the fair-notice pleading standard, which requires "a short statement of the cause of action sufficient to give fair notice of the claim involved." *In re YRC Inc.*, 646 S.W.3d 805, 809 (Tex. 2022) (quoting Tex. R. Civ. P. 47(a)).

A responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, . . . by other conduct or activity that violates an applicable legal standard, or by any combination of these." Tex. Civ. Prac. & Rem. Code § 33.011(6). Designation of a responsible third party permits the defendants to introduce evidence of the third party's fault and the factfinder to apportion responsibility to the third party even if that third party is not joined. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (citing *Withers*, 13 F. Supp. 3d at 688). But the plaintiff may join the responsible third party if the applicable rules would permit joinder. *Id.*; *see Withers*, 13 F. Supp. 3d at 688–89. The designation of a responsible third party "does not by itself impose liability" and "may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability." Tex. Civ. Prac. & Rem. Code § 33.004(i).

A motion for leave to designate a responsible third party is timely if filed at least 60 days before trial. Tex. Civ. Prac. & Rem. Code § 33.004(a). But "[a] defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." *Id.* § 33.004(d).

The defendants filed their motion on January 24, 2025, well over 60 days before the trial setting. *See* Dkt. 23 at 3. That means the first timeliness requirement was satisfied.

The limitations period for Drake's tort claims is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). Drake alleges that he was injured in a car crash on or about November 13, 2021, so the limitations period ran on November 13, 2023. Because the defendants filed their motion after that date, the court must consider whether "the defendant has failed to comply with its obligations, if

2

any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." *Id.* § 33.004(d). Those rules require that a defendant must make its initial disclosures, including "the name, address, and telephone number of any person who may be designated as a responsible third party," within 30 days of filing its answer. Tex. R. Civ. P. 194.2.

The defendants filed their answers in the state court on November 2, 2023. Dkts. 3 at 1, 4 at 1. Their initial disclosures, including information about any potential responsible third parties, were due 30 days later. Nothing in the record indicates whether the defendants timely made those disclosures or whether they identified Diehl as a potential responsible third party. But because Drake did not respond to the motion, the court presumes that he concedes the defendants' compliance with that requirement. *See* Loc. R. CV-7(d).

Because Drake did not object to the motion, the court "shall grant" it. Tex. Civ. Prac. & Rem. Code § 33.004(f); *see id.* § 33.004(g) (placing the burden of establishing factual insufficiency on the objecting party).

## CONCLUSION

It is **ORDERED** that the motion to designate Erica Diehl as a responsible third party, Dkt. 33, is **GRANTED**.

So **ORDERED** and **SIGNED** this 20th day of May, 2025.

_____
Bill Davis
United States Magistrate Judge