# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CASEY A. DRAKE | § | |
| | § | |
| v. | § | NO. 4:23-CV-01021-BD |
| | § | |
| CRETE CARRIER CORPORATION | § | |
| DBA SHAFFER TRUCKING, *et al.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Casey A. Drake sued Crete Carrier Corporation and Reuben Robert Shaffer for personal injuries allegedly arising from a vehicle collision. Dkt. 9. The defendants moved for summary judgment, Dkt. 44; *see* Dkts. 48 (response), 51 (reply), and the court held a hearing on the motion, Minute Entry for Dec. 16, 2025. The motion will be granted in part and denied in part.

## BACKGROUND

### I. Factual Background

In November 2021, Drake and Shaffer were travelling along Interstate 30 through Hopkins County, Texas. Dkts. 44 at 2, 48 at 3. Shaffer, a truck driver employed by Crete, was driving a tractor-trailer. Dkt. 44 at 2. Drake was riding in the passenger seat of a car driven by his niece, Erica Diehl. Dkt. 48 at 3.

The highway had two lanes, and shortly past midnight Drake and Shaffer came upon a wrecked vehicle blocking the left lane. Dkts. 44 at 2, 48 at 3. Drake says that Diehl moved her car into the right shoulder to avoid debris from the wrecked vehicle, and part of the wrecked vehicle itself, that was intruding into the right lane. Dkt. 48 at 3. He asserts that just as Diehl was trying to move her car back from the right shoulder into the right lane of the interstate, Shaffer tried to pass her on the left (i.e., between the wrecked vehicle to Shaffer's left and Diehl's car to Shaffer's right), causing a collision. *Id.* Shaffer, however, says that he was travelling in the right lane to pass the wreck when Diehl's car struck the right side of his vehicle. Dkt. 44 at 2. Drake claims to have been injured in the collision. *Id.*

## II.  Allegations, Summary-Judgment Assertions, and Procedural History

The operative complaint alleged that Shaffer was negligent for breaching the standard of care and negligent per se. Dkt. 9 at 2–3. It sought to impute his alleged negligence to Crete through theories of "respondeat superior, vicarious liability, principles of agency, estoppel, ratification, Joint Venture, Vice Principal, and/or negligent entrustment." *Id.* at 4. It also alleged that both defendants were grossly negligent because their acts and omissions were "a result of actual conscious indifference to the rights, safety, and welfare of [Drake]." *Id.* at 5. But because the complaint did not make any direct allegations against Crete, Crete's liability, if any, would be vicarious of Shaffer's. *See Walgreens v. McKenzie*, 713 S.W.3d 394, 397 n.2 (Tex. 2025).

The complaint also named "Crete Carrier Corporation d/b/a Shaffer Trucking" as a defendant. Dkt. 9 at 1. But the parties agree that there is no "Shaffer Trucking"; Crete is the only defendant other than Shaffer. Minute Entry for Dec. 16, 2025. The court will therefore dismiss any claims against "Shaffer Trucking."

Although styled a "partial motion for summary judgment," the defendants' motion is actually a complete motion, and it requests summary judgment, not partial summary judgment. That is to say, it contains all the necessary components and asks the court to dismiss all of Drake's claims. Dkt. 44 at 1–2. As to ordinary negligence, it argues that Drake cannot show that his injuries were caused by the collision because he has failed to offer sufficient expert testimony. *Id.* at 3–5. As to gross negligence, it argues that Drake cannot raise a fact question on either the objective or subjective prongs of that theory. *Id.* at 14–16. The defendants also challenge the admissibility of some of Drake's summary-judgment evidence. Dkt. 51 at 2–4.

The motion also targets Drake's allegations of negligent entrustment, agency, estoppel, ratification, joint venture, vice principal, and negligence per se, Dkt. 44 at 6–9, 10–13, but Drake has abandoned those allegations, Dkt. 48 at 4. And the defendants concede that Shaffer was an employee acting in the course and scope of his employment. Dkt. 44 at 9. Given all that, and because Drake's claims against Crete depend on his claims against Shaffer, only Drake's claims of negligence and gross negligence against Shaffer remain at issue.

## SUMMARY-JUDGMENT STANDARD

A summary-judgment movant bears the initial burden of demonstrating, by reference to record evidence, if necessary, that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if, under the governing substantive law, it could affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

When the nonmovant would bear the burden of proof at trial, the movant may carry its initial summary-judgment burden by asserting that "the nonmovant has failed to establish an element essential to" its case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). The nonmovant may then avoid summary judgment by demonstrating the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[A] party opposing a properly-supported summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Johnson v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 90 F.4th 449, 460 (5th Cir. 2024) (quotation marks omitted). Although the court must resolve all reasonable doubts in the nonmovant's favor, *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. Unit B Sept. 1981), "[c]onclusional allegations and denials, speculation, and unsupported assertions are insufficient to avoid summary judgment," *Sanches v. Carrollton-Farmers Branch ISD*, 647 F.3d 156, 165 (5th Cir. 2011).

## DISCUSSION

### I.  Objections to Summary Judgment Evidence

In the reply in support of their motion for summary judgment, the defendants object to the admissibility of Drake's summary-judgment evidence. Dkt. 51 at 2–4. Drake does not rely on Exhibits A or C of his response, which are images of the wrecked vehicle in the left lane of the roadway and Diehl's car after the collision, Dkts. 48-1, 48-3, to contest the points on which the

3

defendants seek summary judgment, so the court need not consider the objections to those exhibits.

The defendants' objection to the remaining exhibits is based on Local Rule CV-56(d). Dkt. 51 at 3–4; *see* Dkts. 48-2 (Exhibit B), 48-4 (Exhibit D), 48-5 (Exhibit E), 48-6 (Exhibit F), 48-7 (Exhibit G), 48-8 (Exhibit H), 48-9 (Exhibit I). That rule states that "[o]nly relevant, cited-to excerpts of evidentiary materials should be attached to the [summary-judgment] motion or the response." As the defendants note, Drake attached whole documents, rather than only relevant excerpts. Dkt. 51; *see* Dkt. 48.

Local Rule CV-56(d) is a procedural rule for the convenience of the court, not a substantive evidentiary rule. Overlooking its requirements may result in filings being struck or documents not being considered. But that does not render summary-judgment evidence inadmissible. *See Anderson v. IRS*, 442 F. Supp. 2d 365, 368 (E.D. Tex. 2006) (considering summary-judgment evidence despite noncompliance with Local Rule CV-56(d)). Even though his filing falls "below the expectations for practitioners" in this court, *id.*, Drake at least sometimes cites the relevant pages. To the extent he does, the court will consider the exhibits, so the defendants' blanket objection is overruled. That ruling does not diminish the court's expectation that the parties comply with all applicable rules and court orders as the case progresses. *See Barnes v. Road Carriers, Inc.*, No. 4:23-cv-01012-BD (E.D. Tex. Oct. 16, 2025), Dkt. 120 at 2 (recent case in which the court found it necessary to warn parties who were approaching trial that "if one or both parties fail to comply with any . . . court order, the court will take appropriate action, which may include imposition of sanctions, dismissal of the case, or a continuance of the trial setting" (emphasis omitted)).

## II. Ordinary Negligence

To prove ordinary negligence, Drake must show that "(1) [the defendants] owed him a duty, (2) [the defendants] breached [their] duty, (3) [the defendants'] breach proximately caused his injuries, and (4) damages resulted from this breach." *Mission Petrol. Carriers, Inc. v. Solomon*, 106 S.W.3d 705, 710 (Tex. 2003). The defendants challenge only the third of those elements. *See*

Dkt. 44 at 3–5. They argue that Drake must present expert evidence because he "suffered from a number of pre-existing medical injuries and concurrent major health issues." *Id.* at 4. And they assert that he is "unable to provide testimony, expert or otherwise," showing that his injuries were caused by the collision. *Id.*

But Drake has at least raised a fact question on proximate cause. That means Shaffer is not entitled to summary judgment on ordinary negligence. Nor is Crete, whose potential liability goes hand-in-hand with Shaffer's.

## A. Shaffer

Shaffer is liable only for injuries proximately caused by his negligence. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010). Negligence proximately causes an injury if it is a substantial factor in bringing the injury about and is not too attenuated from the injury. *Windrum v. Kareh*, 581 S.W.3d 761, 777 (Tex. 2019). Drake argues that his deposition testimony, medical records, and non-retained experts will prove causation. Dkt. 48 at 5–6. He avoids summary judgment based on the last of those categories of evidence.

### 1. Drake's deposition testimony

When a plaintiff wants to prove that a medical condition was caused by an event, lay testimony is sufficient if "general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition." *Guevara v. Ferrer*, 247 S.W.3d 662, 666 (Tex. 2007) (citation omitted). But expert testimony is necessary if the condition is "outside the common knowledge and experience of jurors." *Id.* at 665. If a plaintiff has pre-existing injuries or medical conditions, expert testimony is often necessary to separate those injuries or conditions from injuries caused by the incident. *See Rollins v. Tex. Coll.*, 515 S.W.3d 364, 370 (Tex. App.—Tyler 2016, pet. denied).

At his deposition, Drake testified that he felt pain in his neck, back, knee, and shoulder only after the collision. Dkt. 48-5 at 31–33. That testimony, he argues, permits the jury to infer that his injuries were caused by the collision. Dkt. 48 at 6.

It does not. Even where expert testimony is necessary, Drake may supplement that evidence with testimony regarding matters within his experience. *Guevara*, 247 S.W.3d at 668. But when a plaintiff suffers from pre-existing conditions that make laypeople unable to distinguish between new and old injuries, temporal-proximity testimony alone is insufficient to survive summary judgment. *Escamilla v. Estrada*, No. 05-23-00236-CV, 2024 WL 3249072, at *5 (Tex. App.—Dallas July 1, 2024, pet. denied). If Drake had no preexisting conditions, it might be a different story. But his counsel admitted at the summary-judgment hearing that Drake had preexisting conditions. Minute Entry for Dec. 16, 2025. So Drake's own testimony is insufficient; expert evidence is required. *Guevara*, 247 S.W.3d at 665–66.

### 2. Drake's medical records

Drake's medical records do not create a fact question on causation, either. They indicate that Drake injured his knee "in a motor vehicle accident," *e.g.*, Dkt. 48-7 at 9, or suffered pain "due to [an] injury from [a] motor vehicle accident," *e.g.*, Dkt. 48-8 at 151. But the records do not attribute those statements to his treating physicians. They instead suggest that the statements came from Drake himself. *See, e.g.*, Dkts. 48-7 at 9 (describing Drake's alleged injury in narrative form), 48-8 at 151 (describing an injury from a motor-vehicle accident as the patient's "Chief Complaint"). A treating physician must do "more than take the plaintiff's word for the cause of his injuries." *Carmona v. Forrest*, No. H-20-3922, 2023 WL 4317036, at *7 (S.D. Tex. June 15, 2023) (alteration omitted), *report and recommendation adopted,* No. 4:20-cv-03922, 2023 WL 4317184 (S.D. Tex. June 30, 2023). The medical records do not indicate that Drake's treating physicians did so.

### 3. Drake's non-retained experts

Drake's designation of expert witnesses indicates that unnamed employees of medical facilities at which he received treatment will "testify about the nature of [Drake's] injuries" and that it is "their opinion that [the] injuries were caused by the collision made the basis of this suit." Dkt. 40 at 5–6. But designating all of an institution's unnamed employees and agents as witnesses is insufficient. *Vargas v. United States*, No. 5-21-cv-01277-FB-RBF, 2024 WL 1235593, at *5 (W.D. Tex. Feb. 12, 2024). Parties must at least disclose the identities of their expert witnesses. *Gulf*

*Coast Shipyard Grp., Inc. v. Crescent Coatings & Servs., Inc.*, No. 1:14-cv-318-HSO-JCG, 2015 WL 3677596, at \*4 (S.D. Miss. June 12, 2015).

At the summary-judgment hearing, Drake's counsel clarified that the experts who will testify include Dr. Sergio Alvarado and Dr. Gregory Gordon, who treated Drake for his injuries. Minute Entry for Dec. 16, 2025. Elsewhere in the record, Dr. Alvarado and Dr. Gordon indicate that, in their opinions, Drake's "injuries and the medical treatment that [the doctors] provided to date, as well as [the doctors'] recommendations for future medical treatment . . . , are more probably than not a result of the injuries sustained on [the date of the collision]." Dkt. 48-9 at 22, 25; *see id.* at 26; Dkt. 9 at 2.

Those boilerplate statements, which profess a shared belief that Drake's "injuries" resulted from "injuries," are clumsily worded, and the defendants challenge them as conclusory. Dkt. 44 at 5. That is a fair point. But it is one for a later day; more explanation will be necessary at trial. At this stage, Drake's causation argument squeaks by. Indicating that a specific medical expert will testify about causation is sufficient to create a fact question so long as the plaintiff does not merely predict what the expert's testimony might be but states that the expert's present opinion is that the plaintiff's injuries were caused by the defendant's acts. *Lance v. Kroger Texas, L.P.*, No. 3:03-cv-2962-G, 2004 WL 2254211, at \*4 n.2 (N.D. Tex. Oct. 6, 2004); *Nancarrow v. Whitmer*, 463 S.W.3d 243, 252 (Tex. App.—Waco 2015, no pet.).

*Lance* illustrates the point. In that case, the court found an expert designation sufficient even though it stated only that each expert would "testify with regard to . . . his opinions that Plaintiff suffered a back injury and diabetic complications . . . that were caused by an on the job injury." No. 3:03-cv-2962-G (N.D. Tex. July 6, 2004), Dkt. 12 at 3–6 (expert designations); 2004 WL 2254211, at \*4 n.2 (opinion finding the designations sufficient). Here, Drake's expert designation reflects Alvarado's and Gordon's present opinions that his injuries were caused by the collision and that Alvarado and Gordon will testify to that effect. That is enough to get to the jury.

**B.  Crete**

An employer is vicariously liable for the negligence of its employee if the employee was acting in the course and scope of his employment at the time of the negligence. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018). Drake does not allege that Crete was negligent by its own conduct; he instead seeks to impute Shaffer's negligence to Crete. Dkt. 9; Minute Entry for Dec. 16, 2025 (confirming that Drake's only claims against Crete are vicarious). And as noted, the defendants concede that Shaffer was an employee acting in the course and scope of his employment at the time of the collision. Dkt. 44 at 9. Their only argument against vicarious liability is that Shaffer was not negligent. *Id.* at 9–10. Because a fact question exists as to Shaffer, a fact question exists as to Crete as well.

**III. Gross Negligence**

Drake alleges that Shaffer was grossly negligent because he consciously disregarded the extreme risk that his truck would injure someone. Dkts. 9 at 5–6, 48 at 10–13. As with his ordinary-negligence claim, Drake tries to impute that alleged misfeasance to Crete. Dkts. 9 at 5–6, 48 at 10–13. But under Texas law, Shaffer's alleged conduct was not extremely dangerous as a matter of law, so the defendants are entitled to summary judgment on gross negligence.

A tortfeasor may be liable for exemplary damages if the jury finds that the plaintiff's injury was caused by gross negligence. Tex. Civ. Prac. & Rem. Code § 41.003(a). Gross negligence requires proof that (1) "when viewed objectively from the standpoint of the actor at the time of its occurrence," the act or omission that resulted in injury "involve[d] an extreme degree of risk, considering the probability and magnitude of the potential harm to others," and (2) "the actor ha[d] actual, subjective awareness of the risk involved, but nevertheless proceed[ed] with conscious indifference to the rights, safety, or welfare of others." *Id.* § 41.001(11).

Gross negligence must be proven by clear and convincing evidence. *Id.* § 41.003(a). So to survive summary judgment, Drake must present evidence that would "produce in the mind of the trier of fact a firm belief or conviction as to the truth of" both elements of gross negligence. Tex. Civ. Prac. & Rem. Code § 41.001(2); *see Liberty Lobby*, 477 U.S. at 255.

8

The defendants argue that Drake failed to raise a fact question on either the objective or subjective prong of gross negligence. Dkt. 44 at 14–15. Because they are right with respect to the first prong, the court need not consider whether they are right with respect to the second. *See Duplessis v. Singh*, No. 2:21-cv-234-BR, 2023 WL 8791192, at *2 (N.D. Tex. Dec. 19, 2023).

To ensure that it remains distinguishable from ordinary negligence, gross negligence requires something more than dangerous activity that is an ordinary part of life. *Medina v. Zuniga*, 593 S.W.3d 238, 249 (Tex. 2019); *Durham Transp., Inc. v. Valero*, 897 S.W.2d 404, 413 (Tex. App.—Corpus Christi-Edinburg 1995, writ denied). Common or "garden-variety" car accidents do not fit the bill. *Medina*, 593 S.W.3d at 250. When a driver is grossly negligent, it is usually because multiple acts or omissions combined to create an extreme degree of risk. *Duplessis*, 2023 WL 8791192, at *3.

Several cases reflect the high bar Drake faces. In *Medina*, the Supreme Court of Texas found no evidence of gross negligence where a driver hit a pedestrian after speeding out of a parking lot without looking for cross-traffic or stopping at a stop sign. 593 S.W.3d at 249–50. In *Rogers v. Blake*, it found no evidence of gross negligence where a driver consciously failed to stop at a stop sign. 240 S.W.2d 1001, 1003 (Tex. 1951). In *Terry v. Garcia*, a Texas appellate court found that running a red light did not amount to gross negligence. 800 S.W.2d 854, 857 (Tex. App.—San Antonio 1990, writ denied). And in *Hylander v. Groendyke Transportation, Inc.*, another Texas appellate court found that it was not grossly negligent to continue driving at night with a blown-out tire. 732 S.W.2d 692, 695 (Tex. App.—Corpus Christi-Edinburg 1987, writ ref'd n.r.e.).

Here, Drake asserts only that Shaffer tried to pass Diehl's car without sufficient space to do so safely. Dkt. 48 at 3. That is the type of conduct that commonly causes run-of-the-mill collisions on Texas roadways. The jury might consider it negligence. But as a matter of law, it is not gross negligence.

Drake asserts that operating a tractor-trailer inherently involves an extreme degree of risk because any collision involving a tractor-trailer is, by virtue of a tractor-trailer's size and weight, likely to cause serious harm. Dkt. 48 at 10–11. He cites no authority for that assertion. Other courts have rejected it and applied the same standards to truckers as to other drivers. *Phillips v. Super*

*Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 656 (S.D. Tex. 2016); *Terry*, 800 S.W.2d at 857; *Hylander*, 732 S.W.2d at 695. This court will, too.

Because the summary-judgment evidence does not raise a fact question on Shaffer's alleged gross negligence and Drake makes no stand-alone allegations of gross negligence as to Crete, *see* Dkt. 9; Minute Entry for Dec. 16, 2025, a jury could not properly find Crete grossly negligent. That makes it unnecessary to consider the additional elements that Drake would have to prove to impute Shaffer's alleged gross negligence to Crete. *See Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 391 (Tex. 1997).

## CONCLUSION

It is **ORDERED** that the defendants' motion for summary judgment, Dkt. 44, is:

1) **DENIED** as to Drake's claims for ordinary negligence; and

2) **GRANTED** as to Drake's claims for gross negligence and the claims Drake abandoned, *see supra* p. 2, all of which are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Drake's claims against "Shaffer Trucking" are **DISMISSED WITH PREJUDICE**.

So **ORDERED** and **SIGNED** this 5th day of January, 2026.

Bill Davis
United States Magistrate Judge